(Supreme Court, Special Term, Albany County. December, 1915.)

1. COSTS ⬤═245—TAXATION—CERTIORARI—REVIEW OF DETERMINATION OF TAX COMMISSIONERS.

Where the Court of Appeals, on an appeal pursuant to Tax Law (Consol. Laws, c. 60), § 175, in a certiorari proceeding brought to review the determination of the state board of tax commissioners, directs in an amendment to its remittitur that the disbursements in the Appellate Division, wherein the proceeding was first heard, shall abide the final determination of the proceeding, and such final determination has been had in favor of relators, the costs and disbursements should be taxed against respondents in accordance with such direction.

[Ed. Note.—For other cases, see Costs, Dec. Dig. ⬤═245.]

2. COSTS ⬤═197—TAXATION—MOTION—JURISDICTION.

The Supreme Court, sitting in Special Term, not only had jurisdiction to entertain a motion to recover such costs and disbursements, by virtue of an agreement, entered into by all the parties and their attorneys, that the question of recovering same should be left to the court, but would have had jurisdiction irrespective of such agreement.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 752–755; Dec. Dig. ⬤═197.]

3. COSTS ⬤═197—TAXATION—DENIAL OF MOTION—BAR TO SUBSEQUENT MOTION.

That an application made to the Court of Appeals for the taxation of such costs and disbursements was denied did not deprive the Supreme Court, sitting in Special Term, of jurisdiction to entertain the motion, where the denial was long after delivery of its remittitur by the Court of Appeals and on the ground that the proceeding was not then in that court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 752–755; Dec. Dig. ⬤═197.]

Certiorari by the People of the State of New York, on relation of the Town of Hempstead and another, against the State Board of Tax Commissioners and others. On motion to recover costs and disbursements. Motion granted.

See, also, 165 App. Div. 934, 150 N. Y. Supp. 35.

Alfred T. Davison, of Brooklyn (James K. Foster, of Brooklyn, of counsel), for relators.

Dowsey & Parsons, of New York City, for town of North Hempstead.

Uterhart & Graham, of New York City (Alfred M. Schaffer, of New York City, of counsel), for town of Oyster Bay.

---

CHESTER, J.  [1] The proceeding in which the relators are seeking to recover their costs and disbursements was a writ of certiorari, heard by the Appellate Division of the Third Department in the first instance, to review the determination of the state board of tax commissioners made on an appeal by the relators to that board pursuant to section 175 of the Tax Law (Laws of 1909, c. 62). The determination of such state board which was reviewed by said writ was one which dismissed said appeal and affirmed the decision of the board of supervisors as to the equalization of the assessments for the year 1911.

On the hearing of the writ, the Appellate Division decided (People ex rel. Town of Hempstead v. Tax Commissioners, 163 App. Div. 803, 149 N. Y. Supp. 239) that the determination of the state board of tax commissioners was not supported by the evidence, and made its own finding of fact that the percentages which the assessed value of the real property in each of the three towns of Nassau county bore in 1911 to its full value are 50 per cent. for the town of Hempstead, 25 per cent. for the town of North Hempstead and 25 per cent. for the town of Oyster Bay, being the only three towns in the county of Nassau. With respect to the costs, the order of the Appellate Division under such decision contained the provision:

"That the relators recover from the respondents, the town of Oyster Bay and the town of North Hempstead, the sum of fifty ($50) dollars costs, together with their disbursements herein, to be taxed by the county clerk of the county of Albany, and that the relators have execution therefor."

Pursuant to such order the relators taxed their costs and disbursements as follows: Costs, $50; disbursements, for printing cases and points, $1,192.99; total, $1,242.99.

The town of Oyster Bay and the town of North Hempstead appealed to the Court of Appeals from the order of the Appellate Division, and that court decided (214 N. Y. 594, 108 N. E. 913) that the Appellate Division did not have the authority, on certiorari to review the action of the state board of tax commissioners, to determine disputed questions of fact involving the rights of the parties or to grant final judgment upon the facts so found by it, but that the Appellate Division should have reversed the determination of the state board of tax commissioners and remitted the proceedings to the state tax commission (the successors of said state board) for a new and further hearing upon the merits, with costs in the Court of Appeals in favor of the appellants. The original remittitur of the Court of Appeals provided as follows:

"That the order so appealed from be modified, by providing, in place of the findings, orders, and directions contained therein, that the determination of the state board of tax commissioners, dated June 20, 1913, is reversed and set aside, and that the proceeding be remitted to the state tax commission for a new and further hearing on the merits, with costs in favor of the appellants in this court."

Thereafter a motion was made in the Court of Appeals for an order amending such remittitur, which motion was granted, and the court amended the same (215 N. Y. 698, 109 N. E. 1090), by adding thereto the following:

"The costs, including disbursements therein provided, shall abide the final determination of the proceeding, and the amount of services and expenses of counsel in the proceedings shall be in all things subject to future order in the proceedings."

Pursuant to the order of the Court of Appeals, a new and further hearing on the merits in the proceeding was had before the state tax commission. After several days' hearing a stipulation in writing was entered into between the attorneys appearing in the proceeding and the supervisors of the several towns in the county of Nassau that the ratios which the assessed value of the real property located and assessed in said towns for the year 1911 bears to the full value thereof are as follows: Town of Hempstead, 50 per cent.; town of North Hempstead, 27.4 per cent.; town of Oyster Bay, 27.4 per cent.— and that the assessments in said towns be equalized according to the foregoing ratios in lieu of the ratio established by the board of supervisors in said county in 1911, which table of ratios is accepted as a compromise and settlement of said appeal, and that the state tax commission may enter an order in this proceeding in accordance with this stipulation as their decision. Pursuant to this stipulation such an order was entered by said board.

[2] It is alleged in the affidavits in support of this motion and not denied that:

"It was agreed by all the parties and their attorneys that the amount of costs and disbursements to which the town of Hempstead and its attorney were entitled, pursuant to section 178 of the Tax Law, should be left to State Tax Commissioner Walter H. Knapp to decide, and that the question of the town of Hempstead recovering its costs and disbursements awarded by the Appellate Division of the Third Department should be left to the court to decide."

It appears here that a portion of this agreement has been given effect, for pursuant to it the state tax commission, in making its order and determination, awarded to the town of Hempstead an amount to cover costs and disbursements of its appeal to that board. This motion is made by the relators, and is an attempt to make effective the other part of such agreement with respect to the costs and disbursements awarded to them by the Appellate Division. In my opinion the relators would have the right, in the absence of any agreement, to present that question to the court for determination, unless they had agreed as a part of the settlement to waive their right to enforce the payment of the costs and disbursements awarded to them. By the amended remittitur in the Court of Appeals such costs and disbursements were made to abide the final determination of the proceedings. The proceeding has eventuated in favor of the relators, and they have obtained substantially the same relief which they tried to obtain by their appeal to the state board, and which the Appellate Division undertook to grant them.

[3] The state board of tax commissioners would have no power to grant the relief as to costs which the relators seek on this motion, and the only court to which the application for relief can be made seems to me is to the Supreme Court sitting at Special Term. The application to the Court of Appeals for the relief here sought was denied. But this denial was long after the delivery of its remittitur on the deci-

sion made by it in the proceeding, and the denial was on the ground that the proceeding was not then in that court. That decision does not stand in the way of this motion in the proper court.

The Court of Appeals having, in the amendment which it made to its remittitur, provided that the costs and disbursements in the Appellate Division shall abide the final determination of the proceeding, and such determination having now been had in favor of the relators, it seems to me fair that the costs and disbursements should fall upon the appellants in that court, in accordance with its direction. The motion is granted, with $10 costs.

Motion granted, with $10 costs.