WILLIAM B. INGMIRE, Plaintiff, *v.* BOARD OF SUPERVISORS OF THE COUNTY OF SARATOGA, NEW YORK, Defendant.

Supreme Court, Saratoga County, December 31, 1936.

*Sheridan P. Wait*, for the plaintiff.

*John W. Nichols*, for the defendant.

*Arthur H. Vinett*, for the Towns of Stillwater, Saratoga and Malta.

*Barrett, Simon & Wolf*, for the Towns of Hadley and Halfmoon.

*Robert Frazier*, for the City of Mechanicville.

*George E. O'Connor*, for the Town of Waterford.

ALEXANDER, J. This is an application by plaintiff for an injunction *pendente lite* restraining the defendant board of supervisors of Saratoga county from incurring any liability to the county of Saratoga for expenditures, commitments or obligations under a certain resolution of the defendant set forth at length in the complaint herein. The application is made upon the summons and verified complaint and the affidavit of plaintiff's attorney. Defendant submits an affidavit by its attorney and an order of certiorari, granted on December 10, 1936, allowing a review of certain determinations of the State Tax Commission, and the petition upon which it was based. Also appearing or filing briefs in opposition to this motion were four attorneys representing one city and six towns of the county of Saratoga, though they are not parties to the action.

A brief review of the background of this action is necessary to an understanding of its origin and purpose. It appears from the papers submitted upon this motion that pursuant to section 175 of the Tax Law and related provisions the city of Saratoga Springs appealed to the State Tax Commission from the equalization of assessments as fixed by the defendant board for each of the years 1931–1935, both inclusive. As a result of the hearing of those appeals the Tax Commission, in October, 1936, made a separate determination for each of the five years involved and substantially upheld the contention of the city of Saratoga Springs. Not only that city but the towns of Ballston, Charlton, Corinth, Galway and Milton are beneficiaries of such determinations. The county of Saratoga contains nineteen towns and two cities. Fourteen of the towns and one city were adversely affected. Six of these towns and the city of Mechanicville applied by petition for an order of certiorari permitting a review by the Appellate Division of these determinations of the Tax Commission. The order was granted December 10, 1936, and contains a stay of proceedings under the determinations in questions pending review thereof by the Appellate Division. The county of Saratoga and its board of supervisors are also named as relators in that proceeding.

The defendant, instead of carrying these determinations into effect as required by section 177 of the Tax Law, on December 4, 1936, adopted the resolution which gave rise to this action. In substance it requires the county attorney to institute and prosecute a review of the determinations of the Tax Commission by certiorari in the Appellate Division and to procure a stay of the levy and collection of taxes necessary to comply therewith. It further requires the printing of the appeal record at the expense of the county of Saratoga and the furnishing of at least three copies thereof

to any town or city electing to join such review. It is the cost of preparation of this record, concededly voluminous, and the furnishing of copies to the aggrieved tax districts at the expense of the county, which plaintiff seeks to enjoin pending the trial of this action.

Issue has not yet been joined and the facts are not in dispute. The adoption of the resolution by the defendant board of supervisors is conceded. Its answer, as well as that of the aggrieved towns and city opposing this application, are, in substance, that to grant the restraining order now asked would be to nullify the effect of the order of certiorari, and that the county being a party to the certiorari proceeding is free to participate therein and incur such expense as may be necessary in the prosecution of the review within the limitations of the resolution. The first of these contentions is without weight. Worse than that, it is a confession of weakness casting doubt upon the merit of their cause. The towns against which surcharges have been made as a result of revision of the equalization rates may or may not be aggrieved. If, as they contend, they are aggrieved, they are as free to prosecute a review of these determinations as though the resolution in question had never been adopted and the county had not been a party to the certiorari proceeding. Whether the county is or is not a proper party to that proceeding is not directly involved upon this application, though defendant stresses the point that it is in fact a party, and it is even urged that granting of the certiorari order constitutes in itself judicial recognition of its status as a proper party. I do not so regard it. The act of the board in the annual equalization of assessments among the various tax districts of the county is a judicial act. That the county, which acts through the board, is not an aggrieved party for the purpose of prosecuting a review of these determinations, has been decided in *People ex rel. Supervisors* v. *Hadley* (14 Hun, 183). The question of whether it is or is not in the pending proceeding has not been directly raised or decided. If the county is not an aggrieved party within the purview of the statute, as held in the *Hadley Case* (*supra*), and may not alone seek review of these determinations, it is difficult to understand by what right it may actively participate with the aggrieved tax districts and incur expense in their behalf in an attempt to upset determinations beneficial to other tax districts in the county. Its standing as a party to that proceeding, whatever it may be, is without significance here.

The effect of this resolution is to compel the successful party in the five equalization appeals and five towns beneficially affected to contribute to the expense of a review of five determinations already in their favor, sought by six other towns and one city adversely

affected. Why should the towns here seeking a review stand upon a footing different from any litigant appealing to a higher tribunal for review of an alleged erroneous determination? If their honest desire is to review an adverse determination, why should that be permitted or even asked at the expense of the successful party to date in the first instance? In other words, why should the county at this time be pledged to pay the expense of litigation prosecuted by seven of the twenty-one tax districts of the county?

The undisputed facts disclosed upon this application seem to me to involve a question falling within the principle of the case of *People ex rel. Sweet* v. *Board of Supervisors* (101 App. Div. 327), where it was held that the cost of litigation by a town was not a proper charge against the county even though the board of supervisors assumed it by resolution. Furthermore, inasmuch as this question involves an item of disbursements in pending litigation primarily affecting the adjustment of tax equalization rates between two groups of tax districts of the county rather than the county itself, and the disposition of such item is dependent upon the result of the review by the appellate court (*People ex rel. Town of Hempstead* v. *Tax Commissioners*, 92 Misc. 616), it is apparent that the board of supervisors has exceeded its authority in providing by resolution in advance of such review for the payment thereof by county funds.

Under the circumstances plaintiff is entitled to the relief asked. Submit order.